UNITED STATES DISTRICT COURT
FOR THE
JUDICIAL DISTRICT OF COLUMBIA

Let this
be filed
ESH
3/11/08

| | |
|---|---|
| RUSSELL EUGENE HEATH, §<br>§<br>Petitioner, §<br>§<br>vs. §<br>§<br>UNITED STATES OF AMERICA, §<br>§<br>Respondents. § | No. 07-2189-ESH<br><br>MOTION BROUGHT PURSUANT TO<br>Fed.R.Civ.P. 60(b) |

COMES NOW, Russell E. Heath, pro-se, (hereinafter "Petitioner"), in want of counsel, and moves for this Honorable Court of Judge Ellen S. Huvelle, to reconsider it's Order of January 23, 2008. In the Court's Memorandum Opinion and Order it failed to make it's ruling based on the entire brief:

> The Court, "May not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner," **Chatman-Bey v. Thornburgh**, 864 F.2d 804, 810 (D.C. Cir. 1988)(quoting: **Guerra v. Meese**, 786 F.2d 414, 415 (D.C. Cir. 1986)). It is established that writs of **Habeas Corpus** must be directed to the detainee's custodian in this case, the Warden at Englewood-FCI, located in Englewood, Colorado. See, **Guerra v. Meese**, 786 F.2d 414 at 416, (rejecting argument that Parole Commission, while responsible for appellee's [sic] continued detention, was their custodian for purpose of Habeas Corpus); **Connall v. Reno**, 896 F.Supp. 32, (D.C. 1995)(rejecting habeas corpus action brought against Attorney General and Director of Bureau of Prisons, rather than Petitioner's warden)(quoting, **Ledher v. Thornburgh**, 733 F.Supp. 454-55 (D.C. 1990)("The custodian is the person having day0to0day control over the prisoner.")

This Court does have personal jurisdiction over the Warden and the Petitioner, and accordingly may consider the Writ of Habeas Corpus, before this Court.

//////////

## ARGUMENT(s)

The relief the Petitioner seeks is provided under the Law of **Habeas Corpus**, in the Common Law, the Constitution and Statutes of the United States of America, and the Federal Civil Court Rules and Procedure. That the Petitioner herein, has been and is presently 'imprisoned and restrained of his liberty in violation of the rights thereof as set forth and guaranteed in the Constitution of the United States and Federal Laws made in conformance therewith.

That Russell E. Heath, Petitioner, herein, is incarcerated in the Federal Correctional Institution, Englewwod, Colorado, in violation of the Constitutional rights of the Petitioner herein as set forth, without restriction, in Article V, VI, VIII, and XIV in Amendment of the Constitution of the United States of America, as amended A.D. 1791.

That this Court has personal jurisdiction over the respondents' named in the caption area above in the nature of 28 U.S.C. §88; 49 Stat. 1921, June 1936 and the 80th Congress, House Report No. 308, it is shown that the district court of the United States for the District of Columbia, is a Constitutional Court, rather than a Legislative-Territorial Court, and therefore is duly empowered under the Constitution of the United States of America, as amended anno Domini 1791, and by way of an Act of Congress, to entertain the instant cause at bar, whereby the Petitioner invokes this Court's Original Jurisdiction.

That the relief sought herein, is provided for under the Common Law, the Constitution of the United States of America, as amended AD 1791, Article I §9 cl.2, and in the nature of 28 U.S.C. §2241.

The Honorable Court of Judge Huvelle has personal jurisdiction over the Respondents' in the caption area, supra. in the nature of D.C. Code §13-422, and 28 U.S.C. §1331, 1332, and 28 U.S.C. §2241, where both Respondent's have their principle place of business within the District of Columbia.

This Court is compelled to entertain the instant pleading as submitted and to not attempt to construe or convert the pleadings into any other statutory provision. See, **Adams v. United States**, DK. 97-2263 (2nd Cir. 1998), **United States v. Morgan**, 346 U.S. 502, 505 (1954); and **Benito Martinez vs. United States**, Dk. No. 07-0112-JR.

//////////
///// -2  MOTION BROUGHT PUR. TO Fed.R.Civ.P. 60(b)

Some courts created by Acts of Congress have been referred to as a "Constitutional Court," whereas others regarded as "Legislative-Tribunals," **28 U.S.C. §88 District of Columbia-Courts**, Act of June 7, 1934, 48 Stat. 926, and the Act of June 25, 1936, 40 Stat. 1921, provided that the Court of Appeals of the District of Columbia, the Supreme Court, and District Courts of the United States of the District of Columbia, are shown to be Constitutional Courts created under Article III of the Constitution. See, **O'Donoghue v. United States**, 289 U.S. 516 (1933), 77 L.Ed. 1335, 53 S.Ct. 74, **Mookini v. United States**, 303 U.S. 201 at 205 (1938), 82 L.Ed. 748, 58 S.Ct. 543. The **Federal Trade Commission v. Klesner**, 274 U.S. 145 (1927) and **Claiborne-Annapolis Ferry Co. v. United States**, 285 U.S. 382 (1932).

That the Petitioner is in custody for an act not done or committed in pursuance of an Act Of Congress, or an order, process, judgment, or decree of a court or judge of the United states. And he is in custody in violation of the Constitution and the laws and/or treaties of the United States (**28 U.S.C. §2241(c)(2)(3)**).

That the government has failed ab initio to establish Federal Subject Matter Jurisdiction, where it has failed to charge the sine qua non, an alleged violation of the Federal Interstate Commerce Statute, as a prerequisite to the subsequence charged offense[s].

That the Petitioner now shows this Honorable Court that the Federal Government lacked legislative, and Territorial jurisdiction over the locus in quo, and also lacked the Constitutional or Congressional authority to reach prohibitive acts alleged to be criminal in nature, which were committed well within the borders of the sovereign state of Texas.

In the United States, there are two separate and distinct kinds of jurisdiction. The jurisdiction of the states within their own territorial boundaries, and then Federal Jurisdiction. Broadly speaking, the state jurisdiction encompasses the Legislative power to regulate control and govern real and personal property, individual s, and enterprises within the territorial boundaries of any given state. In contrast, federal jurisdiction is extremely limited: In July of 1776, after declaring their independence, the new States possessed all their sovereignty, power, and jurisdiction over all soil and people in their respective territorial limits. This condition of supreme sovereignty of each state over all property and persons within the borders thereof continued notwithstanding the adoption of the Article of Confederation. In Article II, it

is expressly stated:

> "Each state retains it's sovereign freedom and independence, and every power, of jurisdiction and right which is not by this Confederation, expressly delegated to the United States, in Congress assemble."

The essence of the retention of each states jurisdiction is embodied in the Constitution at Article I, Section 8 Clause 17 of the Constitution of the United States of America, which reads as follows:

> "To exercise exclusive legislation in all cases over such districts (not exceeding Ten miles square) as may be session of particular states, and acceptance of Congress becomes the seat of the government of the United States, and to exercise the authority over all places purchased by the consent of Legislation of the states in which the same shall be for the erection of forts, magazines, arsenals, dockyards and other needful buildings."

The reason for the inclusion of this clause in the Constitution was and is obvious. Under the Article of Confederation, the states retained full and complete jurisdiction over lands and persons within their borders.

By "jurisdiction" is meant the authority of the federal courts to hear and decide a matter. Thus, it is even more correct to say that, "The federal courts have **no jurisdiction of Common Law offenses**, and there is no jurisdiction of Common Law offenses, and there is no abstract pervading principle of the Common Law of the Union which we (federal courts) can take jurisdiction." **State of Pennsylvania v. Whelling E. Building, Co.,** 13 How. (54 U.S.) 518, 563 (1851).

Where the instant matter is concerned, the accused committed no violation of any properly enacted and/or duly promulgated federal law within the legislative jurisdiction of the Federal United States, nor within the parameters defined under the implementing regulations for the Federal Sentencing provisions, thus, the sentencing provisions set out do not apply to the accused.

The court will find that the statutory provisions under which the U.S. District Court imposed the sentence against the accused (**18 U.S.C. §3551**), apply not to the Acts of Congress, which are applicable only in the District of Columbia.

The indictment of complaint can be invalid if it is not constructed in the particular mode or form prescribed by the Constitution or Statute (42 C.J.S., 'Indictments and Information.' §1. pg. 833). But it also can be defective and void when it charges a violation of a law, and that law is void, unconstitutional, unenacted, or mis-applied. If the charging document is void, the subject matter of a court does not exist. The want of a sufficient affidavit, complaint, or information goes to the jurisdiction of the court, .... and renders all proceedings prior to the filing of a proper instrument void ab initio. **22 Corpus Juris Seccundum, "Criminal Law," §324, pg. 390.**

The crux then of this whole issue of jurisdiction involves law, that is, the law claimed to be violated. If one is subject to a law, they are then under the jurisdiction of some authority. If a crime is alleged but there is no law to form the basis of that crime there is no jurisdiction to try and sentence one even though they are subject to the legislative body and the court. There has to be a law, a valid law, for Subject Matter Jurisdiction to exist. Laws which lack an enacting clause are not laws of the legislative body to which we are constitutionally subject. Thus, if a complaint or information charges one with a violation of a law which has no enacting clause, then no valid law is cited. If it cites no valid law then the complaint charges no crime, and the court has "No," Subject Matter Jurisdiction **to try the accused.**

> **[N]o authority need to be cited for the proposition that, when a court lacks jurisdiction, any judgment rendered by it is void and unenforceable, ...and without any force or effect whatever. Hooker v. Boles, 346 F.2d 285, 286 (1965).**

A judge or court may be in a legal sense immune from any claims that it is guilty of wrong because of its improper exercise of jurisdiction. However, it has no such protection where it lacks jurisdiction and the issue has been raised and asserted. When the lack of jurisdiction has been shown, a judgment rendered is not only bold, but is also usurpation. Jurisdiction is a fundamental prerequisite, and an usurpation thereof is a nullity. **22 Corpus Juris Secundum, ¶Criminal Law," §150 pg. 183.** The excessive exercise of authority has reference to want of power over the 'subject matter,' the result is void when challenged directly or collaterally. If it has reference merely to the judicial method of the exercise of power, the result

is binding upon the parties to the litigation till reversed.... The former is usurpation, the latter error in judgment. **Voohees v. The Bank of United States** 35 U.S. 449, 474-75 (1836), the line which separates error in judgment from the usurpation of power is very definite.

**WHEREFORE**, Russell E. Heath, Petitoner's **Writ of Habeas Corpus** should not be DENIED but **Granted**. It is incumbent upon this Court, in the interest of justice, by and through the "Judicial Notice" [filed with this Court] as a neutral party between both Petitioner and Respondent's, upon it's own motion, to allow the Writ to go forward and to issue an **Order To Show Cause** to the Respondent's why a **Writ of Habeas Corpus** should not issue, within 30 days of service, in the 'showing' based upon the facts and points raised in the Writ, itself.

In the alternative for this Court to transfer this Common Law Writ/Habeas Corpus to a Court of Jurisdiction.

Dated: _____, 2008.

                                                          Respectfully submitted:

                                                          Russell E. Heath/pro-se

///////////////